IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL E. HYDE,

    Petitioner,                      No. 2:12-cv-0298 JAM JFM (HC)

    vs.

S. M. SALINAS, Warden,           ORDER AND

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner filed an amended petition as of right on February 14, 2012. See Fed. R. Civ. P. 15; Rule 12, 28 U.S.C. foll. § 2254. In his petition, petitioner alleges that he was sentenced to state prison under California's Indeterminate Sentencing Law (ISL), which has now been replaced by California's Determinate Sentencing Law (DSL). Petitioner alleges that application to him of current parole regulations violates his right to due process and the

1

prohibition against ex post facto laws.  Petitioner's claim is foreclosed by Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992).  In Connor, the court of appeals held neither the ex post facto clause of the United Constitution nor its due process clause were violated by application to ISL inmates of parole regulations implemented following enactment of the DSL.

   Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth supra, it is plain that petitioner is not entitled to relief.  For that reason, his application for a writ of habeas corpus should be summarily dismissed.

   Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in this order, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the district court should not issue a certificate of appealability.

   In accordance with the above, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis is granted; and

   IT IS HEREBY RECOMMENDED that

   1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

   2. The district court decline to issue a certificate of appealability.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
hyde0298.sd